JUSTICE KINSER,
with whom JUSTICE KEENAN and JUSTICE LEMONS join, dissenting.
I do not agree with the statement in the majority opinion that the barn belonging to the appellants, Victor H. and Lorraine Salzi, “was ‘used for business’ . . . because the Salzis permitted a farmer to store in their barn between 1,500 and 3,000 bales of hay related to the farmer’s tobacco business.” In my opinion, a one-time, gratuitous use of a barn to store a neighbor’s hay does not turn that bam into a “structure[] used for business.”
The storing of hay in this bam on one occasion lacks the continuity necessary to constitute a business use. See Virginia Mut. Ins. Co. v. Hagy, 232 Va. 472, 475, 352 S.E.2d 316, 318 (1987) (defining, as the law of the case, the term “business pursuit” as requiring both continuity and profit motive). “[T]he term business . . . mean[s] more than a single act.” Nationwide Ins. Co. v. Hill, 307 F. Supp. *57 801, 804 (W.D. Va. 1969), aff’d, Nationwide Ins. Co. v. Aetna Casualty & Surety Co., 426 F.2d 313 (4th Cir. 1970).
The appellee, Virginia Farm Bureau Mutual Insurance Company, argues that the Salzis did not assign error to the trial court’s factual finding that the Salzis permitted their neighbor “to use their bam to store hay in his farming business.” I do not agree. The question whether the bam was a “structure[] used for business” is a mixed question of law and fact, and resolution of the question depends upon the construction placed on that phrase in the policy. The Salzis objected to the final order, in part, on the basis that the trial court misconstrued the policy’s language, and, on appeal, they challenged the trial court’s construction of the phrase “structures used for business.” Thus, I conclude that this question is properly before this Court.
For these reasons, I respectfully dissent and would reverse the judgment of the circuit court.